## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WILLIAMBURG VILLAGE
CONDOMINIUM ASSOCIATION, a
Delaware incorporated association of
unit formed under the Unit Property
Act,

        Plaintiff,

        v.

PADDY'S LLC, a Delaware limited
liability company, and SM Contractors,
LLC, a Delaware limited liability
company

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N21C-07-246 CLS

Date Submitted: November 14, 2022
Date Decided: December 13, 2022

*Upon Plaintiff's Motion for Reargument.* **DENIED.**

## **ORDER**

Robert J. Valihura, Jr., Esquire, Morton, Valihura & Zerbato, LLC, Greenville, Delaware, 19807, Attorney for Plaintiff, Williamsburg Village Condominium Association, Inc.

Cynthia G. Beam, Esquire, Reger Rizzo Darnall LLP, Wilmington, Delaware 19803, Attorney for Defendant Paddy's, LLC

Joseph S. Naylor, Esquire, Swartz Campbell, LLC, Wilmington, Delaware, 19801, Attorney for Defendant SM Contractors, LLC.

**SCOTT, J.**

## INTRODUCTION

Before this Court is Plaintiff Williamsburg Village Condominium Association's ("Plaintiff") Motion for Reargument brought pursuant to Superior Court Rule of Civil Procedure 59(e). For the following reasons, Plaintiff's Motion is **DENIED.**

## BACKGROUND

On October 31, 2022, this Court issued a Decision denying Plaintiff's Motion to Amend. Plaintiff sought to add two additional counts, one for fraud and another for consumer fraud based upon a text message sent by Defendant Paddy's, the contractor for the roofing project that is the subject of the Complaint, to Defendant SM Contractors. Specifically, that text message stated, "[o]bviously, this is a widespread issue, as we now have several new areas that have falling shingles. This was no surprise to our guys, who are saying that these shingles were not installed properly and were all nailed wrong. There is no telling how many areas are going to continue to have problems. I just wanted to lay it out for you so you could decide the best way to handle this. It is obvious that this is the result of poor workmanship." When the Court denied the Motion to Amend, it added the following comments: Nothing in the Motion indicates how a text reviewing poor workmanship could be a false material representation that induced plaintiff to enter the contract. It would not have survived a 12(b) motion.

On November 7, 2022, at 5:10 p.m., Plaintiff filed this Motion for Reargument. In this Motion, Plaintiff's argue this Court misinterpreted Plaintiff's claims and treated the claims as such that would not survive a 12(b) motion, which deprives Plaintiff the opportunity to properly develop the record to support its additional fraud claims. Additionally, Plaintiff argues the Court mistakenly interpreted Plaintiff's fraud claims to be related to the inducement of the contract rather than fraud based on Defendant Paddy's actions after the roofing contract was allegedly completed and those actions having resulted in after the fact fraudulent conduct.

Defendant SM Contractors filed an answer in opposition of Plaintiff's Motion on November 14, 2022, at 3:27 p.m. In Defendant SM Contractors' answer, it argued fraud is only actionable where it relates to the inducement of the contractual relationship, not performance under the contract. Additionally, Defendant SM Contractors argues Plaintiff failed to allege Defendants made an affirmative misrepresentation to Plaintiff and Plaintiff's fraud allegations are based entirely on nonfeasance without pleading facts to Defendants owing a duty to speak.

Defendant Paddy's LLC filed a Notice of Joinder to Defendant SM Contractors opposition on November 14, 2022, at 3:41 p.m.

## STANDARD OF REVIEW

On a Motion for Reargument under Superior Court Rule of Civil Procedure 59(e), the Court will determine from the motion and answer whether reargument will be granted and the only issue is whether the Court overlooked something that would have changed the outcome of the underlying decision.[1] Thus, the motion will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[2] A Motion for Reargument is not an opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised.[3] A party seeking to have the Court reconsider the earlier ruling must, "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[4] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[5]

[1] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) aff'd, 763 A.2d 90 (Del. 2000).

[2] *BRP Hold Ox, LLC v. Chilian*, 2018 WL 6432978, at *1 (Del. Super. Dec. 6, 2018) (quoting *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006)).

[3] *Kennedy*, 2006 WL 488590, at * 1.

[4] *Brenner*, 2000 WL 972649, at *1.

[5] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017)

## DISCUSSION

### A. Timeliness of Motion for Reargument

Plaintiff's Motion is untimely. Superior Court Civil Rule 59(e) states that a "motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision." When time limits are under eleven days, weekends and holidays are excluded from the computation of time to file a motion.[6] Accordingly, Plaintiff's Motion for Reargument was due on November 7, 2022 by 5 p.m. In accordance with Delaware Supreme Court adoption of policies to improve work life balance, effective September 14, 2018, the filing deadline is 5 p.m. While Plaintiff filed its Motion on November 7, 2022, the time in which the Motion was filed was 5:10 p.m. Therefore, Plaintiff's Motion for Reargument, in accordance with Delaware Supreme Court standards, is untimely. Regardless of the timeliness of the Motion, this Court will continue its analysis as if it were timely.

### B. Even if the Motion was Timely, the Motion Still Would be Denied.

A motion for leave to amend is within the sound discretion of the court and leave "shall be freely given when justice so requires."[7]  In the absence of substantial prejudice or legal insufficiency, the court must exercise its discretion in favor of granting leave to amend. However, a motion to amend must be denied if the amendment would be futile in the sense that it would not survive a motion to dismiss

---

[6] Super. Ct. Civ. Rule. 6(a).
[7] Super. Ct. Civ. Rule. 15(a).

5

under Rule 12(b)(6).[8] The standard for assessing the legal sufficiency of a proposed amended complaint is the same standard applicable to a motion to dismiss under Rule 12(b)(6)[9]-all allegations in the amended complaint must be accepted as true,[10] and the proposed amendment will not be dismissed unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof.[11]

With this standard for futility in mind, this Court finds that it has not overlooked a controlling precedent or legal principles or has misapprehended the law or facts such as would have changed the outcome of the underlying decision. The correct standard for futility to determine whether amendment should be granted was analyzed by this Court.

This Court did not misapprehend law or facts, as Plaintiff has suggested by asserting its fraud claim was "after the fact." The Court has found no caselaw in Delaware to support such a claim. The only claim this Court believes Plaintiff may be attempting to bring which could be considered "after the fact" is a fraudulent concealment claim. A fraudulent concealment claim is based on a defendant's

---

[8] *E.I. du Pont de Nemours & Co. v. Allstate Ins. Co.*, 2008 WL 555919, at *1 (Del. Super. Ct. Feb. 29, 2008) (citing *Cartanza v. Lebeau*, 2006 WL 903541).
[9] *FS Parallel Fund L.P. v. Ergen*, 2004 WL 3048751; *Fitzgerald v. Cantor*, 1998 WL 940824.
[10] *Atamian v. Gorkin*, 1999 WL 743663.
[11] *Id.*

deliberate concealment of material facts or silence in the face of a duty to speak. To claim fraudulent concealment, the plaintiff must allege that the defendant successfully took an affirmative action designed or intended to prevent the plaintiff's discovery of facts giving rise to the fraud claim.[12] Just as the Court found before, the allegations asserted in the previous Motion to Amend would not survive a 12(b)(6) Motion, making amendment futile.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reargument is **DENIED.**

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**

---

[12] *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983); *Norton v. Poplos*, 443 A.2d 1, 5 (Del. 1982); *Lock v. Schreppler*, 426 A.2d 856, 860 (Del. Super. 1981) (superseded by statute on other grounds).